IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHAREYA RITA MARY DENNY,

Defendant.

CR 11-27-GF-BMM-01

**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE**

## I. Synopsis

The United States accused Ms. Denny of violating her conditions of supervised release by 1) failing to attend substance abuse treatment, 2) failing to attend mental health treatment, 3) failing to participate in substance abuse testing, 4) failing to notify her probation officer of a change in residence, 5) committing another crime, 6) possessing a controlled substance, and 7) consuming alcohol. Ms. Denny admitted to several of the violations. The district court should revoke Ms. Denny's supervised release and sentence her to fourteen months of custody, with no supervised release to follow.

## II. Status

On June 6, 2011, Ms. Denny pleaded guilty to Possession with Intent to

Distribute and Distribution of Methamphetamine.  (Doc. 34).  She was sentenced to forty-five months of custody, followed by three years of supervised release. (Doc. 38).  Ms. Denny's first period of supervised release began on August 30, 2013.

On October 24, 2013, Chief United States District Court Judge Dana L. Christensen modified the conditions of Ms. Denny's release by requiring her to participate in substance abuse testing and substance abuse treatment and by prohibiting her from consuming toxic substances.  (Doc. 43).  Ms. Denny's supervised release was revoked in August 2015 because she violated her conditions by using methamphetamine and marijuana.  United States District Court Judge Brian Morris sentenced Ms. Denny to one day of custody with credit for time served, and twenty-four months of supervised release.  (Doc. 50).  Ms. Denny's second period of supervised release began in August 2015.

On December 7, 2015, Judge Morris again revoked Ms. Denny's supervised release because she failed to participate in substance abuse treatment and failed to notify her probation officer of a change in her address.  Judge Morris sentenced her to six months in custody followed by eighteen months of supervised release.  (Doc. 62).  Ms. Denny's term of supervised release began on May 13, 2015.

On December 22, 2016, Judge Morris revoked Ms. Denny's supervised

release because she submitted a urine sample that tested positive for alcohol, provided a breath sample that tested positive for alcohol, attempted to defeat the urinalysis testing program, failed to report for urinalysis testing on several occasions, provided a urine sample that tested positive for methamphetamine, and failed to attend substance abuse treatment group sessions.  Ms. Denny was sentenced to eight months in custody, with ten months of supervised release to follow.  (Doc. 76).  Ms. Denny's current term of supervised release began on June 20, 2017.

**Petition**

On October 31, 2017, the United States Probation Office filed a petition asking the Court to revoke Ms. Denny's supervised release.  (Doc. 78).  The petition alleged that on July 20, 2017, Ms. Denny was signed up for chemical dependency counseling, but that she had not attended a session since August of 2017.  It further alleged Ms. Denny was also signed up for mental health treatment with IHS Behavioral Health, but has never attended any of her appointments.  Also, the petition alleged Ms. Denny was referred for urinalysis testing, but that Ms. Denny failed to contact or participate in the testing program.  Finally, the petition alleged that on October 18, 2017, the probation officer spoke with Ms. Denny's mother, who informed him that she had not seen Ms. Denny for several

3

days and that Ms. Denny was staying with her girlfriend, whom she was advised

not to associate with.  Based on the petition, Judge Morris issued a warrant for Ms.

Denny's arrest.  (Doc. 79).

On January 29, 2018, the Probation Office filed an amended petition with

the Court.  The amended petition alleged that on January 21, 2018, Ms. Denny was

arrested and charged with Criminal Possession of Dangerous Drugs, Resisting

Arrest, Reckless Driving to Elude, and Driving While Suspended or Revoked after

she was arrested for fleeing a traffic stop in Fort Belknap.  It is alleged that after

her car was stopped, she attempted to flee on foot and the officers needed to taze

her twice.  The amended petition also alleged Ms. Denny possessed a controlled

substance in that she admitted that she emptied a bottle three methamphetamine

bindles into the patrol car while being transported.  Finally, the amended petition

alleged that Ms. Denny admitted to the arresting officer that she had been drinking

and fled because she did not want to get in trouble.

**Initial appearance**

On October 25, 2016, Ms. Denny appeared before the undersigned in Great

Falls, Montana, for an initial appearance.  Federal Defender Tony Gallagher

accompanied her at the initial appearance.  Assistant United States Attorney Jared

Cobell represented the United States.

Ms. Denny said she had read the petition and understood the allegations. Ms. Denny waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Denny admitted that she violated the conditions of her supervised release with respect to violations 1, 2, 3, 4, and 7.  She also admitted to committing resisting arrest, reckless driving, driving while suspended as set forth alleged in violation 5.  She denied committing the crime of criminal possession alleged in violation 5, and denied violation 6 entirely.  However, the violations Ms. Denny admitted to are serious and warrant revocation of her supervised release.

Ms. Denny's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony.  Ms. Denny could be incarcerated for up to twenty-four months, and she could be ordered to remain on supervised release for ten months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence within the guideline range, noting that Ms. Denny had not been able to get into treatment programs while in custody for her previous revocation.  Mr. Gallagher stated that Ms. Denny would do well under structured programming, and asked the Court to recommend that Ms. Denny

serve her term of custody at the Federal Correctional Institution in Dublin,
California.  Ms. Denny addressed the Court and stated that she wants to do well in
the future for her family.  Mr. Cobell agreed that Ms. Denny should not be on
supervision after being released, but argued that a more significant sentence of
fifteen months in custody would be more appropriate given the circumstances and
the underlying crimes which caused her supervision to be revoked.

### III.   Analysis

The district court should revoke Ms. Denny's supervised release because she
admitted violating its conditions. Ms. Denny should be sentenced to a sentence of
fourteen months, with no supervised release to follow.  The Court also
recommends that Ms. Denny serve her sentence at the Federal Correctional
Institution in Dublin, California.  This sentence would be sufficient given the
serious violation of the Court's trust, but it would not be greater than necessary.

### IV.   Conclusion

Ms. Denny was advised that the above sentence would be recommended to
Judge Morris.  The Court reminded her of her right to object to these Findings and
Recommendations within 14 days of their issuance.  The undersigned explained
that Judge Morris would consider Ms. Denny's objection, if it is filed within the
allotted time, before making a final determination on whether to revoke Ms.

6

Denny's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Chareya Rita Mary Denny violated the conditions of her supervised release by 1) failing to attend substance abuse treatment, 2) failing to attend mental health treatment, 3) failing to participate in substance abuse testing, 4) failing to notify her probation officer of a change in residence, 5) committing another crime, and 6) consuming alcohol.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Chareya Rita Mary Denny's supervised release and sentencing Ms. Denny to fourteen months of custody, with no supervised release to follow. The Court recommends that Ms. Denny serve her sentence at the Federal Correctional Institution in Dublin, California.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 31st day of January, 2018.


John Johnston
United States Magistrate Judge